IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANYAHLE L. MOSLEY,

    Defendant.

Case No. 3:13-CR-30026-NJR-1

# ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a *pro se* motion by Defendant Danyahle L. Mosley requesting a sentence reduction under Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 55).

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. This change applies retroactively.

Here, Mosley was sentenced in October 2013, before Amendment 821 went into effect. Because he committed the instant offense while serving a term of parole, Mosley received two status points under Section 4A1.1(d), as was required at the time. (Doc. 38). Amendment 821 reduces this enhancement from two status points to one. *See* U.S.S.G. § 4A1.1(e). Mosley's criminal history category of VI is unaffected by this reduction

because his total criminal history point calculation is only reduced from 15 to 14 and therefore still within category VI. Accordingly, the Court finds that he is ineligible for a sentence reduction. Separately, because Mosley was sentenced to a mandatory minimum term of imprisonment of 180 months, his sentence would not be eligible for modification under Amendment 821 because courts "may not disturb [a] statutory mandatory minimum sentence[]." *United States v. Bailey*, No. 19-CR-142, 2024 WL 453619, at *4 (E.D. Pa. Feb. 6, 2024). For these reasons, Mosley's request for a sentence reduction (Doc. 55) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: March 12, 2024

*[Signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**